UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMON COREA DUPAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-045** |
| **LAVARRE, MICHAEL GUIDRY, ET AL.** | **SECTION "J"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.  Factual Summary**

The plaintiff, Raymon Corea Dupas, is currently housed in the East Louisiana Medical Health System Forensic Unit in Jackson, Louisiana. The plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983 against defendants, Lavarre, Michael Guidry, Sergeant Goodwin, Sergeant Fletcher, Reginald Young, Malcolm Banks, Shannon

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Middle District of Louisiana for determination and collection under Title 28 U.S.C. § 1915.

Doyle, Sergeant Blakely, Robert Doyle, and Eli Harris. Plaintiff complains of physical and sexual abuse at this facility. (Rec. Doc. No. 1, Complaint).[2] He seeks monetary compensation.

## II. The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue is determined under Title 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III. Proper Venue

Plaintiff alleges a cause of action arising from events occurring in the East Louisiana Medical Health System Forensic Unit in Jackson, Louisiana, which is located in East Feliciana Parish. The named defendants also may be found there as well. East Feliciana Parish is located within the boundaries of the Middle District of Louisiana. Title 28 U.S.C. § 98(b). Plaintiff does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana.

---

[2] Plaintiff has filed another § 1983 suits arising from the same circumstances and alleging claims against the same defendants. C.A. No. 09-044 "J"(4).

Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.

## V.     Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___14th___ day of _____January_____, 2009.

*Alma L. Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**
